IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| THADDEUS STRAUGHTER, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> GARZA COUNTY SHERIFF, § <br> § <br> Respondent. § | CIVIL ACTION NO. 5:22-CV-133-M-BQ |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

Proceeding pro se and *in forma pauperis* (IFP), Petitioner Thaddeus Straughter, a pretrial detainee in the Garza County Jail, filed a prisoner civil-rights complaint under 42 U.S.C. § 1983 on the court-approved form. ECF No. 1. Pursuant to *Special Order No. 3-251*, this case was referred to the undersigned United States Magistrate Judge. On July 15, 2022, the undersigned determined that the pleading should be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 4. On the Court's instruction, Petitioner subsequently filed his amended petition on the required form and an application to proceed IFP with a certificate of his inmate trust account. ECF Nos. 7, 8. Now, as explained below, the undersigned recommends that this civil action be dismissed for want of prosecution.

On at least three separate occasions, Petitioner has been advised of his obligation to promptly notify the Court of any change of address, and that failure to file such notice may result in dismissal of his case for want of prosecution. *See* ECF Nos. 1, 2, 7. On November 2, 2022, the Clerk mailed the order granting leave to proceed IFP to Petitioner at his last known address—the Garza County Jail. ECF No. 9; *see* "Clerk's Notice of delivery." But on November 15, 2022, the envelope containing the November 2 order was returned unopened. ECF No. 10. The envelope

was marked "RTS," "Return to Sender," "Not Deliverable as Addressed," and "Unable to Forward." *Id.* Petitioner has not provided the Court with his current address or otherwise communicated with the Court since filing his amended petition and IFP documents on July 26, 2022.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or to comply with a court order. *See* Fed. R. Civ. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *accord Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997). This case cannot proceed because Petitioner's current mailing address is unknown, so the Court has no way of communicating with him about this case. The undersigned therefore recommends that this case be dismissed without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b) because of Petitioner's failure to notify the Court of his current address.

## RECOMMENDATION

Because Petitioner has failed to update his mailing address or otherwise communicate with the Court, the undersigned recommends that the United States District Judge dismiss this action without prejudice under Fed. R. Civ. P. 41(b).

## RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings,

conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: December 16, 2022.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE